CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TOMICA LAVERNE WHITE, ) | |
|     Plaintiff, ) | Civil Action No. 7:06-cv-00662 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DANVILLE CITY JAIL (MEDICAL), ) | |
| et. al., ) | By: Hon. James C. Turk |
|     Defendant(s). ) | Senior United States District Judge |

Plaintiff Tomica LaVerne White, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, White alleges that medical officers of the Danville City Jail ("jail") violated her constitutional rights by acting with deliberate indifference to her serious medical and dental needs. Because of her medical problems, she lost her prison job as a trustee in the kitchen. As relief, she seeks a court order directing defendants to arrange for her to have her tooth pulled. The court filed the complaint conditionally and directed White to amend to particularize her claims to show why the defendants' alleged actions constituted deliberate indifference. White amended with additional allegations. Upon consideration of the complaint as amended, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I.

White alleges the following sequence of facts from which her claims arise. White was

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

incarcerated at the jail on July 22, 2006. A week later she asked to see the jail doctor about an abscess on her gum. Dr. Wang ordered antibiotics and the abscess went away. Once White completed the medication, however, the abscess reappeared. When she saw Dr. Wang again, he told her that he had signed her up to see the dentist, but would not prescribe any more medication because the abscess would just keep returning.

On September 11, 2006, White still had not seen the dentist. She told Nurse Turner around 9:00 a.m. that she could not breathe because her throat was so swollen. The nurse gave her Tylenol and told her to rest because she was wheezing. Around 3:00 p.m., a sergeant found White in "bad shape" and reported the problem to his superior officer, who ordered that White be taken to see a doctor at "Prime Care." The doctor sent White to the hospital. Her blood pressure had dropped and she was dehydrated, received emergency oxygen, and stayed in the hospital for several days. She was diagnosed with an infected spit gland that was causing the abscess; she also had difficulty swallowing. She received antibiotics, vitamins, and iron. Upon her release from the hospital on September 15, 2006, the doctor ordered jail officials to take a feces specimen to check for infection in White's bowel. That specimen was never taken.

White saw the jail doctor again on September 18, 2006, and was referred to an "ENT doctor" outside the jail. On September 20, the specialist examined White, found some remaining infection in the spit gland, and sent White for X-rays on September 29. On September 30, Nurse Turner refused White's request for pain medication because White had not signed up for "indigent meds." The nurse did later provide White with a "tooth ball" for pain. White was working at her kitchen job around 5:00 p.m. on October 12, 2006, when her mouth began hurting. She discovered that the abscess had returned. She reported it to a nurse, who called the doctor, who ordered another round

2

of antibiotics for White. In the meantime, the nurse advised White to gargle with salt water. This procedure caused the abscess to burst, which made White nauseated. On October 13, 2006, although White's mouth felt better, her kitchen supervisor fired her from the job, telling her to get her "mouth taken care of first." White received her first dose of the new antibiotic on the evening of October 14, 2006. On November 7, 2006, White was taken to the dentist, had two teeth removed, and received a couple of stitches. Upon her return to the jail, she did not receive pain medication. Officers told her that there "wasn't any." White also complains about problems that she had with the jail grievance procedures and the fact that jail officials misinterpreted her grievances as seeking to avoid paying for her dental care. White states that she has no problem with paying.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To prove that his course of medical treatment in prison amounted to a violation of the constitution, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976)(convicted felon); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992)(pretrial detainee). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-106. First, the prisoner must demonstrate a medical need serious enough to give rise to a constitutional claim. Such a need involves a condition that places the inmate at substantial risk of serious harm, usually loss of life or permanent disability; a condition for which lack of treatment perpetuates severe pain also presents a serious medical need. Farmer v.

3

Brennan, 511 U.S. 825 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978).

Second, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, he drew or must have drawn that inference, and he disregarded the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Officials who were not actually aware that a detainee's condition presented a substantial risk of harm "cannot be said to have inflicted punishment" by failing to provide treatment or by delaying treatment. Farmer, supra. See Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998)(because doctors failed to diagnose inmate's pituitary gland tumor, but diagnosed and treated him with other conditions, inmate failed to establish deliberate indifference; inmate ultimately went blind).

III.

White's complaint must be dismissed because her claims for injunctive relief are moot. She sought to have her tooth pulled, and on November 7, 2006, the dentist did just that. Thus, she has received the only form of relief sought in her complaint. See Magee v. Waters, 810 F.2d 451 (4th Cir. 1987).

The court will dismiss the case under § 1915A(b)(1), however, because White's allegations fail to state a constitutional claim against anyone. First, the court must dismiss White's claims against the jail, since local jails are not "persons" subject to suit under 42 U.S.C. § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). White has amended her complaint to name Dr. Wang and Nurse Turner also as defendants. As state prison officials, they are subject to suit under § 1983. White, however, fails to allege facts indicating that anyone at the jail acted with deliberate indifference to her serious dental needs. Neither Dr. Wang nor Nurse

4

Turner ignored White's medical problems. Dr. Wang prescribed medication on the first visit, and when that strategy was not completely successful, he scheduled White to see the dentist. He made a medical judgment at the second visit that additional medication would not be warranted if she saw the dentist. White's disagreement with this judgment does not state any actionable § 1983 claim. Indeed, White's allegations do not indicate that she was in distress from the returned abscess until September 11, 2006. On that day, Nurse Turner at first tried a program of pain medication and rest, but when White's symptoms worsened that afternoon, jail officials sent her to the doctor and then to the hospital for extensive treatment. The nurse's failure to realize the severity of White's symptoms on the morning of September 11, 2006, is at most negligent diagnosis, not actionable under § 1983.[2] Moreover, within hours, once the seriousness of the condition was clear, jail staff got White to a doctor and then to the hospital for extensive treatment. Similarly, when the abscess reoccurred, they provided her with medication and treatment, a trip to a specialist and then a trip to the dentist to get her teeth pulled.

White's allegations demonstrate that overall she received prompt medical attention for her immediate needs and extensive, treatment for the ongoing conditions from which she suffered. In light of this fact, White's complaints that she did not get the tooth pulled sooner and sometimes had to wait a day or two for medication do not present any claim that defendants wantonly inflicted pain on her by delaying her medical treatment in this manner. There is no indication that the situations where such delays occurred represented emergency circumstances requiring more immediate care. Finding that plaintiff could prove no set of facts demonstrating deliberate indifference to a serious

---

[2] To the extent that White may have state law claims against these defendants for negligent diagnosis or malpractice, the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c).

5

medical need, the court concludes that White's complaint fails to state any claim on which relief could be granted.³ Therefore, the court will summarily dismiss the complaint, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 9th day of January, 2007.

/s/ James C. Turk
Senior United States District Judge

---

³White's allegations about the jail grievance procedure also fail to state any constitutional claim. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (finding that inmates do not have constitutionally protected right to a grievance procedure)

6